```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

RAED TAWIL,                    )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  09 C 325
                               )
BEARINGPOINT, INC., et al.,    )
                               )
          Defendants.          )

                        MEMORANDUM ORDER

Raed Tawil ("Tawil") originally filed this Title VII employment discrimination action against his ex-employer BearingPoint, Inc. ("BearingPoint") and a number of individual defendants, but BearingPoint then filed bankruptcy proceedings--a move that both created an automatic stay of all proceedings against it and also signaled that Tawil was most likely seeking to tap an empty barrel. Now Tawil has noticed up for presentment on December 17 a motion to add Deloitte LLP ("Deloitte") as another defendant. This memorandum order is issued sua sponte to require Tawil's counsel to provide authority supporting such joinder in advance of the presentment date.

According to Tawil's Motion ¶2:

Deloitte LLP acquired certain of BearingPoint's assets on or about May 8, 2009. Those assets included the Public Services Group at BearingPoint, the division of BearingPoint from which Plaintiff's employment was terminated.

That assertion is echoed in Tawil's proposed Amended Complaint ¶8, which goes on to allege that Deloitte "had notice" of Tawil's

claims against BearingPoint before the acquisition.

But to this Court's knowledge, any such potential imposition of successor liability on a party that acquired only <u>assets</u> of a predecessor charged with employment discrimination requires more than such knowledge plus a continuity of operations and employees--at least in the context of an acquisition coming out of the predecessor's bankruptcy proceedings. Tawil's counsel has submitted nothing about the terms and conditions of Deloitte's purchase, nor does it appear that Tawil can satisfy one of the important requirements for successor liability: that the predecessor had the ability to provide relief to the plaintiff.[1]

Accordingly Tawil's counsel is ordered to file on or before December 15 (with a hard copy being delivered contemporaneously to this Court's chambers) citations to any authorities that are relied on for purposes of the current motion. And if and to the extent that any such authorities have not been published in the West Reporter System, photocopies of the Westlaw (preferably) or Lexis printouts shall be provided as well.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date: December 8, 2009

---

[1] Could it really be said that BearingPoint, already in bankruptcy, had that ability?