IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAED TAWIL,                  )
                             )
            Plaintiff,       )
                             )
      v.                     )    No. 09 C 325
                             )
BEARINGPOINT, INC., et al.,  )
                             )
            Defendants.      )

MEMORANDUM ORDER

Early last week (on December 7) counsel for employment discrimination plaintiff Raed Tawil ("Tawil") filed electronically a motion to add Deloitte LLP ("Deloitte") as an additional party defendant, noticing the motion up for presentment on this Court's December 17 motion call. Then on December 11 Tawil's counsel filed electronically, and she delivered to this Court's chambers on December 14, a "Memorandum in Support of Motion To Add Defendant" and its attached exhibits, asserting that Deloitte's purchase of assets of Tawil's ex-employer BearingPoint, Inc. ("BearingPoint") after the latter had filed bankruptcy proceedings imposed successor liability on Deloitte.

Addition of such an asset purchaser to the targeted defendants in the situation disclosed by the Memorandum and its exhibits poses a complex issue, one that this Court promptly proceeded to research at length in preparation for the December 17 presentment date set by Tawil's counsel. In doing

so, this Court found the five cases that counsel had cited and elaborated upon in the Memorandum to be inapplicable and less than persuasive in light of the comprehensive 21-page order that had been entered by Bankruptcy Judge Robert Gerber[1] approving the asset sale to Deloitte--an order that among other provisions expressly found (1) that the sale was for the highest and best price available, (2) that the sale was to be free of all liens (and that Deloitte would not enter into the transaction if it were otherwise), (3) that any other sale would yield substantially less value to BearingPoint, (4) that Deloitte did not take on BearingPoint's liabilities in purchasing the assets and (5), in Paragraph 18, that Deloitte was "not a successor... under any theory of law or equity."

In light of those and other like provisions of the Bankruptcy Court's order, which are totally at odds with the position taken in Tawil's Memorandum, this Court anticipated that on the presentment date it would seek confirmation from Tawil's counsel that his claim had been scheduled in the bankruptcy filing.[2] If that were so, this Court expected that in all likelihood, based on its review of Tawil's cited cases and its

---

[1] BearingPoint's bankruptcy proceedings were brought and are ongoing in the Southern District of New York, where Judge Gerber presides.

[2] That seemed to be quite certain, for the Certificate of Service of the Memorandum signed by Tawil's counsel stated that copies of the Memorandum were being sent to Deloitte's counsel and to Judge Gerber.

further independent research, it would deny the motion to add Deloitte as a defendant.

This Court later learned, however, that on December 14 Tawil's counsel had filed electronically a Notice of Voluntary Dismissal, which specified that Judge Gerber had enjoined Tawil's further prosecution of any claim against Deloitte. No hard copy of that filing was delivered to this Court's chambers either on its December 14 electronic filing date (something that is required by this Court and has been given the most prominent lead position on its website) or on the following day (as mandated in all events by this District Court's LR 5.2(f)).[3] Thus, as already stated, this Court had wasted a good deal of a commodity that is in short supply in the justice system--its own time--because of counsel's noncompliance.

Despite the mandatory nature of LR 5.2(f) and of the somewhat more demanding requirement of this Court's website, the custom of referring to a court's chambers copy as a "courtesy copy" persists. That label suggests that noncompliance with those requirements connotes a lack of courtesy--and that is

---

[3] Tawil's counsel does not appear to be a first offender in that respect. When on November 19 she first filed electronically her motion to add Deloitte as a defendant, coupled with a proposed Amended Complaint naming Deloitte, she failed to notice that motion up for presentment as required by this District Court's LR 5.3(b), nor did she deliver hard copies to this Court's chambers as required by LR 5.2(f). As stated at the outset of this memorandum order, it was only after counsel re-noticed the motion on December 7 that counsel favored this Court by complying with the LRs' requirements.

surely true here.  Because such noncompliance often creates inconvenience of various types, this Court's website says that it "has adopted a policy of imposing a moderate fine on counsel who violate LR 5.2(f)."  That characterization overstates the case--such a sanction is actually imposed rarely, and only in situations where noncompliance has had substantial consequences.

That was certainly so here.  This Court is never concerned about doing work on a case that proves to be unnecessary, or a dry run, because of some understandable development (settlement of the case by the parties is a good example)--that goes along with the territory.  But counsel's thoughtlessness and noncompliance with court rules in this instance is very different.  Tawil's counsel is ordered to pay the sum of $200 to the Clerk of Court for the violation described in this memorandum order.

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 16, 2009